1 | SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
2 | JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
3 | Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
4 | Assistant United States Attorney

5 | 450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
6 | Telephone: (415) 436-7124
FAX: (415) 436-7169
7 |
Attorneys for Respondents
8 |

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | SAN FRANCISCO DIVISION

12 | MAHESH KUMAR PATHAK,

No. C 07-4691 TEH

13 | Petitioner,

14 | v.

RESPONDENTS' RETURN IN
15 | MICHAEL CHERTOFF, Secretary of the          OPPOSITION AND RESPONSE TO THE
Department of Homeland Security;             COURT'S SEPTEMBER 28, 2007 ORDER
16 | EMILIO C. FLORES, Chief of                  TO SHOW CAUSE
Correction, Santa Clara County, Department
17 | of Correction;
NANCY ALCANTAR, Field Office Director,
18 | Office of Detention and Removal,
Immigration and Custom Enforcement;
19 | ALBERTO R. GONZALES, U. S.
Attorney General,
20 |
Respondents.
21 |

22 | I. INTRODUCTION

23 | Petitioner Mahesh Kumar Pathak is a native and citizen of India, who has been ordered

24 | removed from the United States, and who has been in United States Immigration and Customs

25 | Enforcement ("ICE") detention since August 3, 2007, pending his removal.  On September 12,

26 | 2007, Petitioner  filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"),

27 | challenging his continued detention.

28 | For the reasons set out below, Respondents oppose the petition.

Return in Opposition
C07-4691 TEH                                    1

## II. BACKGROUND

Pathak petitioned to the Ninth Circuit Court of Appeals for review of the Board of Immigration Appeals' ("BIA") decision affirming the denial of his asylum application. On October 27, 2006, the Ninth Circuit dismissed in part and denied in part Pathak's Petition for Review. *See* Petition, Exh. B. The Ninth Circuit denied Pathak's petition for rehearing, and on February 2, 2007, the mandate issued. *Id.*

In August 2006, Petitioner's wife, a United States citizen, petitioned for immediate relative status for Petitioner in light of their marriage, but while his wife appeared for the interview with U.S. Citizenship and Immigration Services in April 2007, Petitioner failed to appear. Declaration of Ila C. Deiss ("Deiss Decl."), Exh. 1. That application was therefore denied in April 2007. *Id.* Pathak's wife has apparently re-petitioned for a visa for him in July 2007, and that decision is pending. *See* Petition, Exh. D.

On May 1, 2007, ICE directed Petitioner to surrender for removal to India on June 5, 2007. Deiss Decl., Exh. 2. Petitioner failed to surrender on that date and did not contact ICE, rendering him a fugitive. *Id.* ICE officers eventually located Petitioner at his cousin's home on August 3, 2007 and took him into custody. Deiss Decl., Exh. 3.

## III. LEGAL STANDARDS

Habeas corpus relief is appropriate when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

## IV. ARGUMENT

### A. Petitioner is Being Lawfully Detained Under 8 U.S.C. § 1231

The post-removal order detention statute, INA § 241(a), 8 U.S.C. § 1231(a), provides for the mandatory detention of aliens awaiting removal from the United States for an initial period of three months.[1] This initial three months period may be followed by an additional three months discretionary detention during which time detention remains presumptively valid. *Zadvydas v.*

---

[1]Petitioner concedes that he has nothing pending before the Ninth Circuit and is now subject to post-removal order detention. *See* Petitioner's Motion to Strike, dated September 14, 2007.

1  *Davis*, 533 U.S. 678, 121 S.Ct. 2491, 2505 (2001).

2  The "removal period" began for Petitioner on "the date of [Ninth Circuit's] final order." 8 U

3  .S.C. § 1231(a)(1)(B)(ii).  However, under INA § 241(a)(1)(C), 8 U.S.C. § 1231(a)(1)(C), titled

4  "Suspension of Period," "the removal period shall be extended ... and the alien may remain in

5  detention during such extended period if the alien fails or refuses to make timely application in

6  good faith for travel or other documents necessary to the alien's departure or conspires or acts to

7  prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).  The Ninth

8  Circuit has interpreted Section 241(a)(1)(C) as authorizing continued detention of a removable

9  alien "so long as the alien fails to cooperate fully and honestly with officials to obtain travel

10 documents." *Lema v. I.N.S.*, 341 F.3d 853, 857 (9th Cir.2003)(emphasis added); *see also Pelich v.*

11 *INS*, 329 F.3d 1057, 1060 (9th Cir. 2003)(holding that *Zadvydas* does not apply where an alien

12 holds the "'keys [to his freedom] in his pocket' and could likely effectuate his removal by

13 providing the information requested by the INS.").

14 Here, Petitioner correctly notes that Respondents could have removed him anytime after the

15 issuance of the Ninth Circuit's mandate on February 2, 2007. *See* Petition, ¶ 31.  Petitioner,

16 however, does not mention that he was a fugitive until August 2007, rendering his removal during

17 that period impossible.  Petitioner clearly failed to cooperate and prevented his removal, which has

18 extended the removal period beyond the presumptively reasonable period expressed in *Zadvydas*.

19 Respondents are actively trying to secure travel documents for Petitioner and Petitioner has

20 presented no evidence that India will not accept him upon removal.  Moreover, Petitioner failed to

21 appear at his visa petition interview, proving himself to be a flight risk, supporting continued

22 detention, if necessary, under 8 U.S.C. § 1231(a)(6).

23 **B. Petitioner Remaining Claims Are Barred by the Real ID Act**.

24 The lion's share of this petition describes in painful detail Petitioner's asylum application and

25 the merits of his motion to reopen, Petition, ¶¶ 6-30, none of which is relevant to this habeas

26 petition or reviewable by this Court pursuant to the REAL ID Act of 2005.  The REAL ID Act

27 amended the Immigration and Nationality Act, eliminating federal habeas corpus jurisdiction over

28 final orders of removal. *See* Pub.L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). Under

1  Section 106 of the Act, "a petition for review filed with an appropriate court of appeals in

2  accordance with this section shall be the sole and exclusive means for judicial review of an order

3  of removal entered or issued under any provision of [the Immigration and Nationality Act]." 8

4  U.S.C. § 1252(a)(5). This provision makes clear that this Court does not have jurisdiction to

5  entertain Petitioner's challenge to his final removal order.

## V.  CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus should be denied.

Dated: October 15, 2007                    Respectfully submitted,

                                           SCOTT N. SCHOOLS
                                           United States Attorney


                                           ILA C. DEISS
                                           Assistant United States Attorney
                                           Attorney for Defendants

Return in Opposition
C07-4691 TEH                    4