DECLARATION OF POLLY E. KAISER

I, POLLY E. KAISER, HEREBY DECLARE THAT:

1. I am employed as a Deportation Officer with U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE), Office of Detention and Removal Operations (DRO), located at 630 Sansome St., 5th Floor San Francisco, CA 94111. My duties include the apprehension and removal of foreign nationals from the United States who are in violation of U.S. immigration law.

2. I make this declaration based upon my personal dealings in the case of Mahesh Pathak, A78-659-983, respondent in removal proceedings, including review of his alien file, and conversations with DRO officers who have been working on respondent's case. The records in his alien file include his pending motion to reopen (MTR) removal proceedings, which I also reviewed prior to respondent's apprehension today.

3. On May 1, 2007, DRO notified respondent on a Form I-166 (commonly known as a "bag and baggage letter) of his scheduled removal from the United States on June 5, 2007. DRO sent the letter to 1601 Broadway St., #418, Concord, CA, 94520. This is the same address respondent listed in his MTR papers. Respondent failed to report for removal as ordered. His case was assigned to Fugitive Operations (FugOps).

4. A DRO FugsOps team located respondent this morning at a relative's home at 3022 Simas Avenue, Pinole, CA. I was part of the team that scouted out the Pinole house last night, but respondent did not appear to be there at the time we went by. One team observed the Pinole and the Concord addresses from the early hours of this morning until his arrest. He clearly was avoiding his supposed residence at 1601 Broadway.

5. On Wednesday, August 1, 2007, Deportation Officers Keith DeBisschop and I notified respondent's wife, Diane Evans Pathak, in person, that respondent needed to come to the DRO office on 630 Sansome Street, 5th floor the following day, Thursday, August 2, 2007. I gave Mrs. Pathak an ICE business card with my direct office phone number. I provided her with my name and the hours our office was open. She was told that the sooner her husband reported to ICE, the better it would be for him. She asked if she could come with him. She was told that respondent could bring her and his attorney, but that he must report to our office.

Supervisory Deportation and Detention Officer (SDDO) Eddie Robinson, my supervisor, informed me that he contacted respondent's attorney, Martin Guajardo and spoke directly to Mr. Guajardo on August 2, 2007. SDDO Robinson told me that when he spoke to Mr. Guajardo, he told the attorney that ICE/DRO needed to see respondent immediately. Mr. Guajardo stated that the best he could do was have his client appear on Monday morning, August 6, 2007. SDDO Robinson further stated that he, SDDO Robinson, understood that his officers had left specific instructions with respondent's wife that respondent was to come into our office that day, Thursday, August 2.

Mr. Guajardo repeated that the best he could do was have his client appear Monday. This conversation took place at approximately 1:00PM.

Later the same day, August 2, 2007, I called Mr. Guajardo's office to speak with him between approximately 3:45 PM to 4:00 PM. I was placed on hold by the receptionist. After approximately one minute, I was told by the receptionist that she believed Mr. Guajardo had "slipped out" of the building unnoticed, but that she would give him my number and have him call me upon his return. As of noon, this date of August 3, 2007, my phone call has not been returned.

Deportation Officer Anthony Parello, SDDO Eddie Robinson, and I returned to respondent's address of record, 1601 Broadway, #418, Concord, CA, on August 2, 2007. At approximately 6:15 PM, Officers Parello, Robinson, and were allowed into the residence by respondent's wife. With her consent, we searched the residence, but respondent was not there. I personally saw the framed photos of respondent at the 1601 Broadway location, but little other evidence that he resided there.

I explained why we had returned, and Mrs. Pathak stated that she and her husband had been at their attorney's office all day. We asked her to clarify "all day" and she said from 8:00 AM until 12:00 noon. She then stated that she left her husband at the attorney's office with a friend at noon, and had not heard from him since. She appeared to call her husband on his cell phone while we were present, and left a message on his voice mail to contact her immediately. She also attempted to contact the friend, whom she had left her husband earlier in the day. She left a voice message also. Officer Parello later dialed respondent's cell phone number again with the wife's permission from her phone, but the call went to voicemail. Mrs. Pathak stated that she gave the business card I had provided her on the previous day with my contact information to Mr. Guajardo. I gave her a new business card with my name, direct desk phone, and cell phone number and instructed her to call me as soon as she heard from her husband. I further told her to call at any hour of the day or evening. As of noon, August 3rd, she has not contacted me.

6. The arresting officers reported to me that, once they identified themselves to respondent this morning at his cousin's house, respondent was cooperative and did not attempt to flee. Respondent is now in DRO custody, pending removal from the United States.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3d day of August 2007, at San Francisco, California:

POLLY U. KAISER
DEPORTATION OFFICER