IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHESH KUMAR PATHAK,<br>A78-659-983,<br><br>    Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY<br>DEPT. OF HOMELAND SECURITY, ET AL.,<br><br><br><br>    Respondents | 3:07-cv-04691-TEH<br><br><br><br><br><br>PETITIONER'S TRAVERSE |

PETITIONER'S TRAVERSE

    Petitioner, Mahesh Kumar Pathak, by and through undersigned counsel, filed a Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 on September 12, 2007. On April 4, 2007, the Respondents, through counsel, filed a Response in Opposition to the Petition for Writ of Habeas Corpus. This Traverse responds to that filing.

    The Respondent states at page 3 of its response that the Petitioner "does not mention that he was a fugitive until August 2007, rendering his removal during that period impossible." *Respondent's Return in Opposition, pg. 3.* The cunning invocation of the term "fugitive" is unnecessarily provocative and is largely inappropriate. As both parties agree, the Respondent has been able and authorized to remove the Petitioner since February 2, 2007. On August 1, 2007, DRO FugsOps searched for the Petitioner and apparently successfully arrested him two days later on August 3, 2007.

    Prior to that, the Petitioner was sent a so-called "Bag and Baggage" letter dated May 1, 2007, which obliged him to appear on June 5, 2007. That he did not appear does not

1

axiomatically render him a fugitive. A fugitive refers to one who flees. One must take positive action to be a fugitive; ignoring one's mail does not make one a fugitive. The statement that the Petitioner "render[ed] his removal during that period impossible" is simply false. *Respondent's Opposition, pg. 3.* The Government knew where he and his wife lived and could have driven there on February 3, 2007 and arrested him. Of course, given that he is married to a U.S. citizen and had hopes of immigrating through her, as well, in light of his fear of returning to India as demonstrated by his asylum application and the pending motion to reopen,[1] he could have initially panicked. However, the Petitioner was then represented by former counsel, Hardeep Rai, whose office advised him not to appear for the surrender, perhaps in light of the fact that they intended to pursue an adjustment of status through the Petitioner's marriage to a U.S. citizen.

The Respondent has now had approximately 8 ½ months in which to effect the Petitioner's removal. That the "Respondents are actively trying to secure travel documents for Petitioner" is insufficient to overcome the Petitioner's right to be free from custody. *Respondent's Opposition, pg. 3.* Notably absent from the Respondent's opposition is any statement that the Petitioner's removal is "reasonably foreseeable." *See Zadvydas v. Davis*, 533 U.S.678, 121 S. Ct. 2491 (2001). "*Zadvydas* thus interpreted 8 U.S.C. §1231 to allow

---

[1] The Petitioner is well aware of the impact of the REAL ID Act of 2005 and that it prohibits this Court from entertaining any challenges to the Petitioner's final order of removal. This is made clear upon review of the Petitioner's "Prayer For Relief" which excludes any request for action or review as to the underlying order of removal. The Petitioner provided "painful detail," *see Respondent's Opposition page 3,* in his habeas petition in the interest of complete disclosure and to provide the Court with some idea as to the nature of the Petitioner's motion to reopen. Had the Petitioner included no detail as to the pending motion, the Respondent could have provocatively alleged that the Petitioner conveniently leaves out that the Immigration Judge concluded that he provided support to terrorists: either way, the Respondent would reproach the Petitioner: the Petitioner therefore elected to err on the side of full disclosure.

2

continued detention only for a period reasonably necessary to secure the alien's removal, a period of six months, because any other reading would go beyond the government's articulated interest, to effect the alien's removal…[C]onsistent with the Supreme Court's approach in Zadvydas, we conclude that the statutes at issue permit detention only while removal remains reasonably foreseeable. Further, consistent with Zadvydas, we conclude that after a presumptively reasonable six-month detention, 'once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.'" *Nadarajah v. Gonzales*, 443 F.3d 1069, 1078 (9th Cir. 2006), *citing Zadvydas,* 533 U.S. at 701.

In view of the above, the Petitioner should be released; the petition for writ of habeas corpus should issue.

I remain, respectfully yours,


/s/ Martin Resendez Guajardo

_____
MARTIN RESENDEZ GUAJARDO
Counsel for the Petitioner
P.O. Box 2087
San Francisco, California 94126
T: (415) 398–3852
F: (415) 296–8730

3

CERTIFICATE OF SERVICE

I hereby certify that on the 17th of October 2007 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ila Casy Deiss
United States Attorney's Office
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102
415-436-7124
Fax: 415-436-7169

ila.deiss@usdoj.gov


/s/ Martin Resendez Guajardo

_____
MARTIN RESENDEZ GUAJARDO
Attorney for Petitioner