# EXHIBIT 1

Case 3:07-cv-04691-TEH    Document 10-2    Filed 04/07/2008    Page 1 of 16

Wednesday, April 02, 2008

UNITTED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Mahesh Pathak,        )
                      )
        Petitioner    )
                      )   Case No. 3:07-CV-04691-TEH
                      )
                      )
                      )
Chertoff, et al.,     )
                      )
        Respondents.  )
                      )

DECLARATION OF EMMANUEL ACALA

1. I, Emmanuel Acala, am currently employed as a Deportation Officer with the U.S. Department of Homeland Security, Immigration and Customs Enforcement (ICE), Office of Detention and Removal Operations (DRO), located at 630 Sansome St. San Francisco, CA 94111. I have been employed in my current position since July 10, 2006. I began my service with ICE in September 2002. From September 2002 until July 2006, I was employed with ICE as a Detention Enforcement Officer/Immigration Enforcement Agent in San Francisco, California.

2. My duties as Deportation Officer include the apprehension and removal of foreign nationals from the United States.

3. I make this declaration based upon my personal knowledge in the case of Mahesh Pathak (A78 659 983), including a review of Pathak's A-file.

4. On August 3, 2007, Pathak was encountered at 3022 Simas Avenue in Pinole, California by the ICE, DRO, San Francisco Fugitive Operations Unit. Pathak was taken into custody for removal to India.

5. On August 9, 2007, Pathak completed a travel document application, which was forwarded to ICE, DRO, San Francisco travel clerk, Sanjila Bansraj-Mace, for the creation of a travel document request.

6. On August 12, 2007, Ms. Bansraj-Mace, sent the completed travel document application request to DHS, ICE, DRO, Travel Document Unit ("TDU").

7. On several occasions I emailed a point of contact at ICE-DRO TDU to check on the status of obtaining a travel document for Mr. Pathak and was informed that the request was still pending with the Embassy of India.

8. Based on my experience in receiving travel documents from various foreign embassies for foreign nationals subjected to final orders of removal, I have no reason to believe at this time in Mr. Pathak's case, that removal is not significantly likely in the reasonably foreseeable future.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this day, April 2, 2008, at San Francisco, California.

Emmanuel Acala
DHS, ICE, Deportation Officer
San Francisco, California

# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mahesh Pathak,<br><br>        Petitioner,<br><br>Chertoff, et al.,<br><br>        Respondents. | CASE NO. 3:07-CV-04691-TEH |

## DECLARATION OF DAVID R. POTVIN

1.    I am a Detention and Deportation Officer assigned to the Travel Document Unit of the Office of the Office of Detention and Removal Operations (DRO), United States Immigration and Customs Enforcement (ICE), in Washington, DC. I have been employed in my current position since April 1, 2007. I began my service with the agency as a Border Patrol Agent with legacy Immigration and Naturalization Services (INS) on December 1, 1997. I was a Border Patrol Agent with legacy INS until January 13, 2002. From January 13, 2002 until April 1, 2007, I was employed with ICE as a Deportation Officer in Harlingen, Texas. I then moved from Harlingen, Texas to Washington, D.C. to work as a Detention and Deportation Officer within the Travel Document Unit of DRO.

2.    Unless otherwise indicated, this declaration is based upon my personal knowledge, information obtained from other individuals employed by ICE, and information obtained from records maintained by ICE.

3.    My duties as a Detention and Deportation Officer include liaison with embassies of Pakistan, Afghanistan, India, Cambodia, Laos, Bangladesh, and countries located in Southern Africa, concerning the issuance of travel documents for nationals of the above listed countries who have been ordered removed from the United States. In my current position, I frequently am called upon to liaison with the Embassy of India in Washington, D.C. to obtain travel documents for Indian nationals subject to final orders of removal from the U.S.

4.    I am familiar with the case of Mahesh Pathak, A78-659-983. ICE's efforts to remove Mahesh Pathak began on or about September 12, 2007 with a formal request sent to the Embassy of India for a travel document. See Attachment A. I have been involved in efforts to obtain travel documents to enable removal of Mr. Pathak from the United States since January 2008. Prior to my involvement, Michael Berman, another ICE-DRO officer, was assigned to work on obtaining travel documents for Indian nationals, including Mr. Pathak. Generally, DRO has worked to obtain a travel document for Mr.

1

Pathak by sending written and verbal requests to Indian Embassy officials in Washington D.C. In addition, myself and Mr. Berman had several in-person meetings with Indian Embassy officials to request travel documents for Mr. Pathak. These contacts with the Indian Embassy officials are detailed more specifically below.

5. On October 19, 2007, DRO officer Michael Berman hand-carried the request and supporting documentation for a travel document for Mr. Pathak to the Indian Embassy in Washington, D.C. These documents were the same ones that are contained in Attachment A. At the Embassy Mr. Berman spoke with Manoj Krishnan, regarding the request and the fact that Mr. Pathak had copies of some pages of an expired Indian passport, which should make identification of his Indian citizenship easier.

6. On November 2 and December 18, 2007, Mr. Berman met with Embassy officials to discuss outstanding travel document requests, including Mr. Pathak's. On those dates, the Embassy officials did not express whether or when a travel document for Mr. Pathak would be issued. Based on information and belief, it is not unusual for the Indian Embassy not to respond to DRO inquiries regarding travel document requests and it does not necessarily mean that a travel document will not be forthcoming.

7. On January 9, 2008, Mr. Berman sent an e-mail request to Alok Pandey, First Secretary at the Indian Embassy in Washington D.C. attaching the travel document request and supporting documentation for Mr. Pathak, and asking that he review the request and provide ICE with a response.

8. On January 18, 2008 myself and Mr. Berman met with several Embassy officials to discuss outstanding travel document requests for Indian nationals, including Mr. Pathak. The Embassy officials did not have any information regarding the issuance of a travel document for Mr. Pathak. Later that day, Mr. Berman spoke to Mr. Pandey, First Secretary, to find out whether more definitive information concerning if and when a travel document will be issued for several Indian nationals, including Mr. Pathak. Mr. Pandey could not provide any definitive information at that time.

9. On February 7 and February 22, 2008, I sent e-mail inquiries to Manoj Krishnan at the Indian Embassy regarding the issuance of a travel document to Mr. Pathak. The Embassy did not respond to my requests. Based on information and belief, it is not unusual for the Indian Embassy not to respond to DRO inquiries regarding travel document requests for Indian nationals and it does not necessarily mean that a travel document will not be forthcoming.

10. On February 27, 2008, I personally delivered another copy of ICE's travel document request and supporting documentation for Mr. Pathak, contained in Attachment A, to the Embassy for consideration of issuance of Mr. Pathak's travel document.

11. On March 18, 2008, I participated in a meeting with several Indian Embassy officials to discuss various cases where a travel document is outstanding. After the meeting I specifically addressed the case of Mr. Pathak with Manoj Krishnan to

determine if the Embassy could provide an update on the issuance of travel documents. At this time I was told by the Embassy that they are considering the requests and did not have an update on Mr. Pathak's travel document request.

12. On March 26, 2008, I sent an e-mail to Manoj Krishnan at the Indian Embassy following up on my meeting with them on March 18, 2008 regarding Mr. Pathak's outstanding travel document request. I did not receive a response from the Indian Embassy.

13. On March 28, 2008, I called Manoj Krishnan at the Indian Embassy to inquire about the status of a travel document for Mr. Pathak. Mr. Krishnan called me back and indicated that the Indian Embassy will be issuing a travel document to Mr. Pathak on or about Wednesday, April 2, 2008.

14. ICE has made consistent and sustained efforts to obtain a travel document so that it may remove Mr. Pathak to India.

15. On April 2, 2008 I obtained a travel document for Mr. Pathak from the Indian Embassy in Washington, D.C., a copy of which is attached as Exhibit B. Based on the issuance of this travel document, ICE-DRO is making arrangements for Mr. Pathak's imminent removal from the United States.

16. I declare, under penalty of perjury, that the foregoing is true and correct to the best of my information, knowledge and belief, and based upon records maintained in the ordinary course of business.

Executed on April 03, 2008, at Washington, DC.

_____
David R. Potvin
Detention and Deportation Officer
Immigration and Customs Enforcement
Department of Homeland Security

# EXHIBIT A

Case 3:07-cv-04691-TEH    Document 10-2    Filed 04/07/2008    Page 8 of 16

*Office of Detention and Removal Operations*
**U.S. Department of Homeland Security**
630 Sansome St., 5th Floor
San Francisco, CA 94111



**U.S. Immigration and Customs Enforcement**

September 12, 2007

Embassy of India
Attn: Mr. R.K. Chhibber, Consular Section
2107 Massachusetts Avenue, N.W.
Washington, D.C. 20008

**Re: Mahesh Kumar PATHAK, A78 659 983**

Dear Mr. Chhibber:

The above subject, a native and citizen of India, is currently in the custody of U.S. Immigration and Customs Enforcement pursuant to a final order of removal. It is now incumbent upon this office to effect his removal from the United States. As such, it is respectfully requested that a travel document be issued to allow his return to India.

Enclosed, find a photocopy of Mr. Pathak's expired Indian Passport.

To reduce detention time and costs, your expeditious handling of this request would be greatly appreciated. If we may be of any assistance in this matter of mutual interest, please do not hesitate to contact Deportation Officer Acala at (415) 844-5557 or, Supervisory Deportation and Detention Officer Grinberg, at (415) 844-5516.

Sincerely,

Anthony M. Aiello
Assistant Field Office Director

Enclosures

# EXHIBIT B

A 74 659 993

पी सी ओ – 7 / PCO-7

नम्बर No

# आपाती प्रमाणपत्र / EMERGENCY CERTIFICATE

नम्बर No. 890186



यह प्रमाणित किया जाता है ... MAHESH KUMAR PATHAK ... के लिए मुझे आवेदनपत्र दिया है और मेरे पास उसका कोई कारण नहीं है कि मैं उनके बयान पर सन्देह करूँ।

This is to certify that MAHESH KUMAR PATHAK has applied to me for the grant of an Emergency Certificate and that I have no reason to doubt his/her statement.

[Embassy of India Seal – Washington]

तारीख APR 0 2 2008
Date

Signature of Issuing Authority,
Assistant Consular Officer
Embassy of India
Washington, D.C.

नम्बर No 890186

विवरण / DESCRIPTION

(क) (a) व्यवसाय / Profession
(ख) (b) राष्ट्रिकता / National Status — INDIAN
(ग) (c) पिता / पति का नाम / Father's/Husband's name — Raghath DAS
(घ) (d) जन्म का स्थान और तारीख / Place and date of birth — Phagwara 12.01.1959
(ङ) (e) भारत में पता / Address in India — Punjab
(च) (f) स्पष्ट विशिष्ट चिह्न, यदि कोई हो / Visible distinguishable mark, if any
(छ) (g) कद / Height — 5'6"
(ज) (h) बालों का रंग / Colour of hair — Black
(झ) (i) आँखों का रंग / Colour of eyes — Brown

नम्बर No 890186

धारणकर्ता के साथ एक बच्चा / बच्चे हैं जिनका ब्यौरा नीचे दिया गया है।
The holder is accompanied by a child/... whose particulars are shown...

| क्रमांक S. No. | नाम Name | बच्चों का ब्यौरा Particulars of child/s | जन्म की Date of... |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

[Embassy of India Seal – Washington]

Mahel Kan



नम्बर N°  890186

यह प्रमाणपत्र केवल ... को होकर
This certificate is only valid for journey to
INDIA
... तक की यात्रा के लिए वैध है।
via

अवधि बढ़ाई न जाने तो इस प्रमाणपत्र की वैधता निम्नलिखित
तारीख को समाप्त होती है :
Unless renewed the validity of this certificate expires
on July 01 2008

तारिख,जिस तक, नवीकृत किया
Renewed up to

तारिख, जारी करने का स्थान
Issued at

तारिख
Date

नम्बर N°  890186
वीसा / VISAS

नम्बर N°  890186
वीसा / VISAS

THE HOLDER PREVIOUSLY TR...
OLD PASSPORT NO. ...
ISSUED AT Tanzlat
HAS BEEN CANCELLED & RE...

टिप्पणी : इस आपाती प्रमाणपत्र को पास रख...
यह छूट नहीं मिलती कि वह गन्तव्य देश में ला...
पालन न करे अथवा जहाँ वीजा लेना आवश्यक हो ...

N.B.— The possession of this Emerge...
not exempt the holder from com...
immigration regulations in force i...
destination or from the necessity of ...
when required.

# EXHIBIT 3

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Guajardo, Martin Resendez, Esq.
555 Clay Street
San Francisco, CA 94111-3029

Office of the District Counsel/SFR
P.O. Box 26449
San Francisco, CA 94126-6449

Name: PATHAK, MAHESH KUMAR                         A78-659-983

Date of this notice: 10/31/2007

Enclosed is a courtesy copy of the Board's decision in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Panel Members:
HOLMES, DAVID B.

tranc

| U.S. Department of Justice | Decision of the Board of Immigration Appeals |
|---|---|
| Executive Office for Immigration Review | |
| Falls Church, Virginia 22041 | |

File: A78 659 983 - San Francisco, CA          Date: OCT 3 1 2007

In re: MAHESH KUMAR PATHAK

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Pro se[1]

ON BEHALF OF DHS:   Leonard A. Rosenberg
                    Deputy Chief Counsel

ORDER:

PER CURIAM. The Board issued its final administrative decision in this proceeding on March 16, 2004. On October 27, 2006, the United States Court of Appeals for the Ninth Circuit denied in part and dismissed in part the respondent's petition for review. *Pathak v. Gonzales*, No. 04-71803, 2006 WL 3053495 (9th Cir. Oct. 27, 2006). On July 23, 2007, the respondent filed a motion to reopen. The respondent seeks *sua sponte* reopening based on a "change in law," as well as his June 2006 marriage to a United States citizen. The Department of Homeland Security ("DHS") opposes reopening.

The motion to reopen is untimely, and the respondent has not shown that an exception to the timely-filing requirement applies. *See* section 240(c)(7) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c). We decline, moreover, to exercise our *sua sponte* authority to reopen his proceedings. *See* 8 C.F.R. § 1003.2(a); *Matter of G-D-*, 22 I&N Dec. 1132 (BIA 1999) (fundamental change in law may warrant *sua sponte* reopening notwithstanding otherwise applicable time and number limitations on motions); *Matter of J-J-*, 21 I&N Dec. 976 (BIA 1997)(Board retains limited discretionary power under the regulations to reopen or reconsider only in exceptional circumstances).

With regard to the argued change in law arising from the Secretary of Homeland Security's February 26, 2007, "Notice of Determination" regarding the exercise of authority under section 212(d)(3)(B)(i) of Act, 8 U.S.C. § 1182(d)(3)(B)(i), neither the Act nor the Secretary's "determination" bestow any jurisdiction over a discretionary exercise of authority under this provision of law with either an Immigration Judge or this Board. *See* section 212(d)(3)(B)(i); 72 Fed. Reg. 9958 (2007). There have been no intervening statutory or regulatory amendments regarding the Board or an Immigration Judge's jurisdiction in this regard, and the DHS has not joined this motion. Accordingly, we decline to exercise our *sua sponte* authority to order the proceedings reopened on this basis.

---

[1] We note that an attorney filed the respondent's motion to reopen. The attorney, however, failed to file a Notice of Appearance (Form EOIR-27). However, we will provide him with a courtesy copy of this decision.

A78 659 983

 Further, the respondent has not demonstrated an "exceptional" circumstance that would warrant the reopening of these proceedings based on his recent marriage to a United States citizen, even were it assumed for the sake of argument that he could demonstrate eligibility for adjustment of status. *See Matter of J-J-, supra* at 984 ("the power to reopen on our own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship"). Becoming eligible for relief from removal after a final administrative order has been entered is common and does not, in itself, constitute an exceptional circumstance warranting *sua sponte* reopening of proceedings; rather, absent such eligibility, a motion ordinarily could not be granted without regard to the time or number limitations. We do not otherwise find exceptional circumstances presented in the respondent's motion that would warrant reopening these proceedings. *See Resp's Motion to Reopen* at 16-19. We only additionally note in this regard that the Board's decision in *Matter of Velarde*, 23 I&N Dec. 253 (BIA 2002), addressed *timely* filed motions to reopen.

 Accordingly, we decline to reopen these proceedings on our own motion. The respondent's motion is denied as untimely.

_____
FOR THE BOARD