IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAHESH KUMAR PATHAK,

    Petitioner,

v.

MICHAEL CHERTOFF, et al.,

    Respondents.

NO. C07-4691 TEH

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Mahesh Kumar Pathak has been ordered removed from the United States. Pending his removal to India, he has been detained by United States Immigration and Customs Enforcement ("ICE") since August 3, 2007. Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, directing his release from custody. Respondents filed a timely answer, and Petitioner filed a timely traverse.

After reviewing the parties' initial briefs, the Court ordered supplemental briefing on March 21, 2008. The government filed timely supplemental declarations on April 7, 2008. Petitioner was allowed until April 14, 2008, to respond to these declarations but did not file any response. Upon careful consideration of the parties' arguments, the record presented, and governing law, the Court now DENIES the petition for a writ of habeas corpus for the reasons discussed below.

**BACKGROUND**

Petitioner, a native and citizen of India, entered the United States on May 20, 2000. He filed an application for asylum and withholding of removal on October 14, 2000. An immigration judge denied Petitioner's application on April 30, 2003, and the Board of Immigration Appeals ("BIA") affirmed that decision on March 16, 2004. Petitioner appealed to the United States Court of Appeals for the Ninth Circuit, which stayed Petitioner's

removal pending appeal. On October 27, 2006, the Ninth Circuit affirmed the portions of the BIA's decision over which the court had jurisdiction and issued its mandate on February 2, 2007. On July 23, 2007, Petitioner filed a motion to reopen his case and to stay removal before the BIA due to a purported fundamental change in law. The BIA denied that motion on October 31, 2007.

While Petitioner's appeals were pending, his wife, Diane Evans Pathak, a United States citizen, petitioned for immediate relative status for Petitioner as her spouse. However, although Mrs. Pathak appeared for the scheduled interview with United States Citizenship and Immigration Services on April 16, 2007, Petitioner did not. The government therefore denied the petition due to abandonment on April 20, 2007. On July 23, 2007, Petitioner's wife filed a second petition for relative status; despite being ordered to do so on March 21, 2008, the parties provided no information on the status of this second petition.

On May 1, 2007, Petitioner was ordered to appear on June 5, 2007, for deportation to India. Petitioner failed to appear. He was finally brought into ICE custody on August 3, 2007, after being apprehended by the fugitive operations unit at his cousin's residence.

**DISCUSSION**

This Court has jurisdiction under 28 U.S.C. § 2241 over Petitioner's claims that he is being unlawfully detained. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Although the petition also discusses issues relevant to Petitioner's asylum claims, Petitioner concedes that he is barred from challenging his removal order in this Court by the REAL ID Act of 2005. Traverse at 2 n.1.

Once an alien has been ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The parties agree that the removal period began to run in this case on February 2, 2007, when the Ninth Circuit issued its mandate. *See* 8 U.S.C. § 1231(a)(1)(B)(ii) (providing that "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, [the removal period begins to run on] the

2

date of the court's final order"). "The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

The Supreme Court has held that detention for a total period of six months is presumptively valid. *Zadvydas*, 533 U.S. at 701. The Court further explained that:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

Petitioner in this case has been in custody for longer than six months. However, as documented in the supplemental declarations filed by the government on April 7, 2008, the government began the process of obtaining travel documents for Petitioner on August 9, 2007, and has been diligently following up with Indian Embassy officials since that time. Acala Decl. ¶ 5; Potvin Decl. ¶¶ 4-13. In addition, on April 2, 2008, the government received travel documents from the Indian Embassy in Washington, D.C., and is currently "making arrangements for Mr. Pathak's imminent removal from the United States." Potvin Decl. ¶ 15 & Ex. B. Petitioner has failed to set forth any reason why India will refuse to accept Petitioner upon removal, nor has he provided any other "reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Consequently, the Court finds that Petitioner's detention continues to be reasonable and lawful under 8 U.S.C. § 1231(a), and habeas relief under 28 U.S.C. § 2241 is therefore unwarranted.

3

**CONCLUSION**

Accordingly, with good cause appearing for the reasons discussed above, the petition for writ of habeas corpus is DENIED. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:   04/15/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

4